argument. Loventhal v. Edelson, Mr. Schwartz. Good morning, Your Honors. For the record, my name is Andy Schwartz and I represent the appellant, Leonard Loventhal. There are two matters up. One was continued, was kicked over to the appeal, which was a motion to dismiss. The other is the main appeal. I'm prepared to discuss either, whatever the court please. If you have no particular preference, I'll just pursue with the appeal. In this case, there are several underlying themes of the appeal, in our view. And the first theme is that it's Illinois law that creates and defines the tenancy by the entirety exemption. And in particular, Illinois law creates the exemption and defines what property can qualify. Whether or not bankruptcy law and exemption law favor debtors is immaterial if the property does not qualify to meet the exemption as the state statute has defined it. And in the second theme here is that the trust agreement that we've identified as Claude's trust agreement conflicts with the Illinois tenancy by the entirety statute. We recited the The tenancy by the entirety and the living trust. Well, tenancy by the entirety can exist within a trust, but the features of the trust must qualify with the tenancy by the entirety statute. There are a number of features. I think we identified five of them. And several of the features are inconsistent with what's in the trust agreement. We identify the features on page eight of our opening brief. And in particular, one of the major issues that has concerned us is that the trust agreement reserved powers in Claude, which is the appellee's husband, to do things that are inconsistent with the tenancy by the entirety statute. Under tenancy by the entirety, one of the two tenants... Well, what this Illinois statute says, 765 ILCS 1005 IC, is that deeds conveying title to the homestead, to the trustee, etc., state that the interest of the husband and wife are to be held as tenants by the entirety. The estate created shall be deemed to be a tenancy by the entirety, even though it's become a trust. That's part of what the statute says. Well, it seems a pretty critical part, doesn't it? It is a critical part, Judge. It is a critical part, but the statute also requires the following things. The tenants have to be married to each other. We got that. They have to own an equal undivided interest. They must have a right of survivorship. That's the essential feature of a tenancy by the entirety. And in this case, if you take a look at one of the provisions that we've identified, in the trust agreement, the trust agreement itself controls the disposition of the property and does so inconsistently with the appellee's right of survivorship. The trust agreement also gives Claude the right to terminate the trust agreement unilaterally and take back all the property to himself. The trust agreement gives Claude another feature that is in a tenancy by the entirety, or has to be, is that neither tenant acting alone can lease the property, mortgage it, transfer it, but yet that's exactly what the trust agreement does. So the problem here is that the trust agreement is inconsistent with rights created under the statute, even though the statute does admittedly allow tenancy by the entirety property in a trust. You can have essentially a beneficial tenant by the entirety. That's not something we've ever quibbled with. The problem here is that this particular trust agreement does not meet those tests, and it is inconsistent. I've laid out on pages 11 through 14 all of the inconsistent features. I don't think there's any need to go through them here. So let's get to the third theme. The third theme is that the court should look to the substance of the trust agreement and not to the form or the title. Whether the trust agreement says it's tenancy by the entirety or not, or how it titles itself, does not control what it does. The trust agreement and the deed transferring the farwell property to Claude's trust both use the phrase tenancy by the entirety, but it's an incorrect label because that's not what the trust agreement accomplishes. Don't they continue to hold it by the entireties even though it's in the trust? They hold it in the trust, but if the trust terms are inconsistent with tenancy by the entirety, then they don't hold it. If they hold it by the entireties, it doesn't make any difference. It does make a difference because if a creditor such as my client, I'm into rebuttal time. I don't know if you want me to finish the thought. Go ahead. A creditor like my client should have a right to assert a lien if Claude predeceases the appellee. But supposing there's a contradiction between the tenancy in the entirety and the trust provisions, why do you think the trust provisions take precedence? Because the trust agreement expresses the intent of what these parties wanted to do. But a tenancy by the entirety has certain characteristics. And if the trust agreement says, you know, we have this tenancy of the entirety, why aren't the rules governing tenancies by the entirety? Why can't they take precedence over other provisions in the trust document? Then what's the point of the trust agreement? If the parties agree to do something, if they agree to adjust their rights in a certain way, only to say, oops, that doesn't count because the statute says something else, what have we accomplished by putting the property into this vehicle, namely the trust? There was an amendment to the trust agreement when the conveyance was made. The trust agreement that we're talking about is the amended agreement, Your Honor. There was an original trust agreement, and then this was the amended agreement, I believe. It's the same day that the conveyance was made. Correct. But it also contains, that instrument contains a specific clause that says nothing in this instrument should be construed as conflicting with the statute. And that's where we have a problem with what the district court did. And the problem there is, and this is very similar to the issue that was raised in the Stanky case that we talked about. The problem there is that if you only look at the one particular clause in the trust agreement and ignore the rest of the clause, you're not interpreting a contract, or in this case a trust agreement, in the manner that Illinois law requires you to interpret contracts. Well, no, that's an omnibus kind of a clause that says to the extent that there's anything inconsistent in this instrument, inconsistent with the statute, the statute controls. That's an expression of the party's, the settler's intent. That is an expression of intent, and it's equally an expression of intent, all of the things that the settlers put into the trust agreement that are inconsistent. No, those are overridden by the specific clause that says they're overridden. That's what the district court found, and our position is that you cannot read one sentence or one clause in an agreement to exclude everything else. So you want us to read that particular clause out of the agreement, that the parties really didn't intend to conform the instrument to the statute, even though that's what that provision says? That provision definitely says that. I think that if you just take a look at the specificity with which the parties identified what their rights are, it is incredibly inconsistent with what tenancy by the entirety requires, and this is, you know, call it a savings clause, I guess, but this savings clause I don't think is sufficient to save something that was specifically designed to do something other than what the statute required. Okay. Thank you, Mr. Schwartz. Thank you, Judge. Mr. Kofkin. Good morning, Your Honors. My name is Scott Kofkin. I represent the debtor in the underlying bankruptcy case, Cecil Edelson. Judge, both lower courts started with an analysis of the Illinois statute on tenants by the entirety and analyzed the trust in that context. Not only does the trust indicate its intention to conform with the statute, but the statute also contains a provision that anything inconsistent with the statute is overridden by the statute. And the trust was restated, as Your Honors noted, the same day that the property was transferred into it, in order to make that trust conform with the statute. And both lower courts analyzed it that way and found no inconsistencies. Some of the provisions that Loventhal points to are being taken out of context, and some of those provisions relate only in the event that one of the husband or wife dies. And the bankruptcy court specifically said that those provisions that would take effect and do something after one of them dies, the tenants by the entirety was already broken by the death. Therefore, those clauses are not inconsistent because they wouldn't take effect until that time. While Loventhal says that the trust needs to be considered as a whole as inconsistent, that, again, is a standard that both lower courts used. Considering the trust as a whole, it was intended to conform with the statute. The deed itself is paramount under Illinois law, and it had the required language that the trustee was holding it for the benefit of both husband and wife as tenants by the entirety. Nothing in the trust provision is going to alter that deed. In fact, even when Loventhal talks about the trust being revoked, in the case of revocation, whoever took the deed is still holding it for the benefit of husband and wife as tenants by the entirety. Language of the deed doesn't change. Bankruptcy court noted that also. In both lower courts, the burden was on Loventhal to convince the court to show that the trust was inconsistent, and by both lower courts' analysis, he didn't meet that burden. When the case comes here, he wants this court to review it de novo, but he doesn't provide any convincing argument or show in any way how either court ruled improperly or incorrectly. He wants this court to create new law, but doesn't give this court any background in which to do it. Going back to the Illinois statute, it controls. The trust was intended to comply. Both courts found that the essential elements of the statute were met, and that Loventhal had not met his burden, and there is no basis then to overturn that order. The other primary issue in this appeal, though, is the fact that the confirmation of the underlying plan mooted the issue. I'm sorry, confirmation of what? The confirmation of the Chapter 13 plan moots the appeal. This was brought up in my motion to dismiss. It was brought up in the briefs. That happened after the case was already on appeal before the district court, though, did it not? Yes, and after the district court ruled. But where was jurisdiction at that point? Let me go back to the beginning. Loventhal knew in the underlying bankruptcy case that he needed to bring two objections. That he needed to do what, I'm sorry? He needed to bring two objections. Two objections. He filed two separate objections. He objected to the claim of the exemption, and he objected to confirmation of the plan. Neither objection would stand on its own. It wouldn't do enough for him, so he needed to do both. The bankruptcy court overruled both objections. Loventhal appealed both objections. But the underlying plan had not been confirmed, so the district court lacked jurisdiction to consider the bankruptcy court's order overruling the confirmation objection. The district court only considered the order overruling the exemption election. And the district court ruled and found that Loventhal had not met his burden, that the debtor was entitled to the exemption, and the district court affirmed that order. At that point, the case returned. It had still continued to proceed, but the case went back to the bankruptcy court. The bankruptcy court, after the district court ruled and closed its case, the bankruptcy court held a hearing on confirmation. Both parties were attending. The court confirmed the case. So the district court only had jurisdiction over the appeal to the extent that it challenged the exemption? Yes. Not to the extent that it challenged the overruling of the objection to the plan? Correct. So the bankruptcy court was free to go ahead and issue an order confirming the plan while that appeal was pending? Yes, but it chose not to. The parties agreed to wait for the district court opinion. So the chronology is that the plan doesn't get confirmed until after the district court is done ruling? There's nothing automatically that would stay confirmation unless somebody requested it, and nobody did. There was no stay? There was no stay. But everybody did wait, apparently, until after the district court had ruled? Yes. Meanwhile, the debtor made her payments, and at the point when the district court ruled, the case went back to the bankruptcy court for confirmation. The trustee recommended confirmation that all of the requirements for confirmation were met. The bankruptcy court was aware of the district court's ruling, and Loventhal had not filed a notice of appeal. Loventhal had not raised any new objections. The court confirmed the case. Now, at that point of confirmation, the standards of confirmation were met. The findings of the bankruptcy court were that the plan met all of the requirements of confirmation, which included the best interest test, which excluded the exempt real estate because it was exempt. That order of confirmation was not appealed. Loventhal never renewed his objection to confirmation on that basis, and the objection to the exemption can't stand alone. The bankruptcy court's ruling and the district court's affirmance of it were incorporated into confirmation, that the tenants buy the entirety home, was exempt from the estate, was not factored into the confirmation test, and the case was confirmed. Loventhal can't revisit that issue now. Thank you, Jody. Thank you, Mr. Goffman. Mr. Schwartz. Thank you, Your Honors. With respect to the motion to dismiss the mootness issue, counsel is incorrect. An appeal is moot only if it becomes impossible for a court to grant any effectual relief. The case that we cited is, pardon me if I botch the pronunciation, Germerod. If you take a look at page 969 of Germerod, this court ruled, so long as a court retains the raw ability to take some action that will have a concrete effect on the party's rights, the case is not moot, even if the court would be reluctant to take that action. Now, that was an appeal of a denial of a motion to modify a Chapter 13 plan, and in that case, the five-year payment plan, in that case, had expired by the time the case reached this court. This court, nevertheless, said it's not moot. The trustee in that case had filed a motion to modify because, under the bankruptcy statute, which is, I believe, 1329A, it specifically lets a creditor move to modify a plan after its confirmation but before completion of payments. Now, in our case, it's not as severe as in Germerod because the five-year payment plan has not yet expired. So, under the bankruptcy statute, we'd still have the right to come in and modify it, and we did so timely. And the other thing that's important... Okay, thank you. Your time has expired. Oh. Thank you to both of you. Thank you very much.